# EXHIBIT D

FILED
10/6/2022 3:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00675
Calendar, 4
19795940

FILED DATE: 3/25/2024 12:11 PM 2022CH00675
FILED DATE: 10/6/2022 3:27 PM 2022CH00675

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| RAYMOND E. BUTLER II | ) |
| Plaintiff, | ) |
| | ) Case No. 22 CH 675 |
| vs. | ) |
| | ) |
| ILLANA EDDI and ELY EDDI, individually | ) |
| and as Trustees of the Jack Finn Irrevocable | ) |
| Trust. | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

Now comes the Plaintiff, RAYMOND E. BUTLER, by and through his attorney, the Estate and Probate Legal Group, Ltd., pursuant to leave of Court, and for his First Amended Complaint, states as follows:

### PARTIES

1. Jacob A. Finn a/k/a Jack Finn ("Jack") is the settlor of the Jack Finn Irrevocable Trust ("Trust"). Upon information and belief, Jack is a resident of the State of Florida.

2. Plaintiff RAYMOND E. BUTLER II ("Raymond") is a beneficiary of the Trust. Raymond is a resident of the State of Michigan.

3. Defendant ILLANA EDDI ("Illana") is a trustee of the Trust. Illana is a resident of the State of Florida.

4. Defendant ELY EDDI ("Ely") is a trustee of the Trust. Ely is a resident of the State of New Jersey.

Exhibit E

FILED DATE: 3/25/2024 12:11 PM   2022CH00675
FILED DATE: 10/6/2022 3:27 PM   2022CH00675

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the Defendants pursuant to 735 ILCS 5/2-209(a)(13) as all the Defendants are Trustee's of Trust, which was settled in Illinois, and the administration of which primarily took place in Illinois.

6. Cook County is the proper venue for this action pursuant to 735 ILCS 5/2-101 as the Trust was settled in Cook County, and the administration of which primarily took place in Cook County.

## GENERAL ALLEGATIONS

7. For the majority of his life, Jack was a resident of Cook County, Illinois.

8. Jack was a successful businessman, who had numerous business interests, primarily in nursing homes and other investments.

9. Jack has one biological child, namely Illana.

10. Raymond was born in 1986 and is the biological child of Raymond Butler and Robin Sue Butler.

11. Raymond Butler and Robin Sue Butler had two other children, Raymond's sisters, namely Silver Butler-Finn f/k/a Shoshana Finn ("Silver") and Hanna Skittles Finn f/k/a Helen Butler-Finn f/k/a Chana Finn ("Hanna"). Silver was born in 1988 and Hanna was born in 1992.

12. Due to issues with his biological parents, Raymond was taken in by Jack and his wife, Pessa Finn ("Pessa") when Raymond was approximately two years old.

13. Thereafter Raymond lived with the Finns for approximately five years.

14. Jack and Pessa also eventually took in Silver and Hanna, and Jack eventually adopted Silver and Hanna.

15. Jack told Raymond that he wanted to adopt him as well, but that Raymond's father was refusing to consent to his adoption.

2

FILED DATE: 3/25/2024 12:11 PM 2022CH00675
FILED DATE: 10/6/2022 3:27 PM 2022CH00675

16. When Raymond was approximately seven years old, he was removed from the care of the Finn's.

17. Jack made several statements to Raymond over the years that Raymond would be taken care of, that he had created a trust for his benefit, and that the trust had been funded with $1 Million Dollars. Jack made these statements many times to Raymond.

18. In particular, when his daughter Illana married Ely, Jack made a statement to Raymond that he had given them a wedding present of $1 Million Dollars and that gift corresponded with the amount of money that had funded the trust for his benefit.

19. On September 21, 2009, Raymond met with Jack in Chicago. At that time, Jack stated that he was going to his lawyer's office and told Raymond that he should come along.

20. Raymond and Jack then went to the offices of Jack's attorney.

21. At the attorney's office, Jack told the attorney that Raymond should receive a distribution of $30,000.00 from his trust and directed him to draw up the necessary paperwork. Pessa, Silver, and Hanna were also present.

22. The attorney then prepared a document entitled Jack Finn Irrevocable Trust Form of Direction to Disburse ("Direction to Disburse"). A copy of the Direction to Disburse is attached hereto as **Exhibit "A."**

23. The Direction to Disburse directed Illana and Ely, as trustees of the Trust, to disburse the sum of $30,000.00 to Raymond, as beneficiary. The Direction to Disburse also states that it is made at the request of Jack, Silver Butler-Finn, and Helen Butler-Finn (n/k/a Hanna).

24. At the time the Direction to Disburse was prepared, Jack had a phone conversation with Illana where they discussed the distribution.

25. Jack and Raymond then executed the form and Raymond then left the attorney's office.

3

FILED DATE: 3/25/2024 12:11 PM 2022CH00675
FILED DATE: 10/6/2022 3:27 PM 2022CH00675

26. According to the Direction to Disburse, it was then signed by Silver Butler-Finn, Helen Butler-Finn, and Pessa Finn.

27. On or about September 23, 2009, Raymond again went to the attorney's office. Only the attorney and Jack were present on this occasion. At the meeting, Raymond received six cashier's checks for $5,000.00 each. Also at that meeting, Raymond purportedly executed a second document, purporting to be a receipt or release of the $30,000.00. A copy of the purported Release is attached hereto as **Exhibit "B."**

28. Raymond does not recall executing the purported Release as attached hereto, and to the best of his recollection, the document he may have signed on that date contained different language and was a simple receipt for the funds.

29. At the time the purported release was signed, Raymond was not provided an accounting of the Trust.

30. At the time the purported release was signed, Raymond was not provided a copy of the Trust, or advised of the nature of his beneficial interest in the Trust or whether he would be entitled to future distributions.

31. At the time the purported release was signed, which was after the Direction to Disburse, Raymond was not advised that he could seek independent counsel with respect to the additional release he now was being asked to sign in exchange for the $30,000.00.

32. From 2010 to 2016, Raymond would often assist Jack by driving him to various places and then the two would have lunch and spend time together. During these meetings, Jack would often state to Raymond that he had been taken care of and that he would not need to worry about money.

4

FILED DATE: 3/25/2024 12:11 PM 2022CH00675
FILED DATE: 10/6/2022 3:27 PM 2022CH00675

33. In approximately 2015, Jack required further care, and he moved into a nursing home on the north side of Chicago. Raymond would still assist Jack by taking him places after his placement at the nursing home.

34. In or about 2016, Illana moved Jack to a nursing home in California, but would not reveal which nursing home he had been placed in. Raymond never saw Jack again.

35. On or about July 24, 2017, a spreadsheet was prepared entitled J. Finn Trust and Estates, which was prepared by Jeffrey Finn, Jack's nephew. A true and correct copy of the spreadsheet and the cover letter are collectively attached hereto as **Exhibit "C."** This spreadsheet appears to be a summary of an investigation into Jack's estate planning documents.

36. According to the spreadsheet, the author had information that Jack had prepared certain irrevocable trusts. Although the author expressed uncertainty about the details, the spreadsheet references both a "Jack and Pessie Irrevocable Trust 1993" and "Jack and Pessie Irrevocable Trust 1996." The spreadsheet also references the Direction to Disburse and the release purportedly signed by Raymond.

37. The spreadsheet also references a release signed by Silver (f/k/a Shoshanna Finn) in 2010 which purportedly releases her from the Trust in exchange for $40,000.00.

38. Upon information and belief, the disbursement to Raymond of $30,000.00 and the disbursement of $40,000.00 to Silver were part of a concerted effort on behalf of Defendants to remove them from the Trust using relatively nominal disbursements.

39. To date, Raymond has not received any other distributions from the Trust.

40. Upon information and belief, the Trust is an Illinois Trust, as it was settled when Jack was a resident of Illinois, and Raymond is a beneficiary of the Trust.

41. Further, Raymond's distribution from the Trust originated in Illinois.

FILED DATE: 3/25/2024 12:11 PM   2022CH00675
FILED DATE: 10/6/2022 3:27 PM   2022CH00675

## COUNT I: ACCOUNTING

1-41. Plaintiff realleges and restates Paragraphs 1-41 of General Allegations as and for Paragraphs 1-41 of Count I as if fully stated herein.

42. Section 760 ILCS 5/11 of the Illinois Trust and Trustee's Act (which would be applicable to the Trust since the Trust was irrevocable prior to the enactment of the Illinois Trust Code) provides, in the pertinent part, that:

> (a) Every trustee at least annually shall furnish to the beneficiaries then entitled to receive or receiving the income from the trust estate, or if none, then those beneficiaries eligible to have the benefit of the income from the trust estate a current account showing the receipts, disbursements and inventory of the trust estate . . .
>
> (b) Every trustee shall on termination of the trust furnish to the beneficiaries then entitled to distribution of the trust estate a final account for the period from the date of the last current account to the date of distribution showing the inventory of the trust estate, the receipts, disbursements and distributions and shall make available to such beneficiaries copies of prior accounts not theretofore furnished . . .

43. Although a beneficiary of the Trust, as indicated by the Direction to Disburse, Raymond has never received an accounting of the Trust from the trustees.

44. If the Trust was ever terminated, Raymond has never received a final accounting from the trustees.

45. A fiduciary relationship exists between trustee and beneficiary as a matter of law. Janowiak v. Tiesi, 402 Ill. App. 3d 997, 1006 (1ˢᵗ Dist. 2010).

46. On or about September 23, 2009, at the time the purported Release was executed, Illana and Ely, as trustees, had a fiduciary duty to Raymond, as beneficiary of the Trust.

47. At no time did Raymond receive a full and frank disclosure of all material facts from the Trustees regarding the effect of the Release and what Raymond was giving up in exchange for the receipt of $30,000.00, as evidenced by the following:

6

FILED DATE: 3/25/2024 12:11 PM 2022CH00675
FILED DATE: 10/6/2022 3:27 PM 2022CH00675

    a.    At the time the purported release was signed, Raymond was not provided an accounting of the Trust.

    b.    At the time the purported release was signed, Raymond was not provided a copy of the Trust, or advised of the nature of his beneficial interest in the Trust or whether he would be entitled to future distributions.

    c.    At the time the purported release was signed, which was after the Direction to Disburse, Raymond was not advised that he could seek independent counsel with respect to the additional release he now was being asked to sign in exchange for the $30,000.00.

48. Since Raymond was not given a full and frank disclosure by the trustees prior to purportedly executing the Release, the Release is void, and Raymond is entitled to a full accounting.

49. On June 9, 2021, Raymond had a demand letter served on Illana. The demand letter demanded an accounting of the Trust, as well as copies of vouchers with respect to the administration of the Trust and copies of any Trust documents. A true and correct copy of the demand letter is attached hereto as **Exhibit "D."**

50. On June 10, 2021, Raymond had a demand letter served on Ely. The demand letter demanded an accounting of the Trust, as well as copies of vouchers with respect to the administration of the Trust and copies of any Trust documents. A true and correct copy of the demand letter is attached hereto as **Exhibit "E."**

51. To date Raymond has received no communication from Illana or Ely or any documents responsive to his demand letter and his requests for a copy of the Trust have been ignored. Since Defendants have refused to turn over a copy of the Trust to him, a copy of the Trust is unavailable to attach to this Complaint. A true and correct copy of Raymond's Affidavit pursuant to 735 ILCS 5/2-606 is attached hereto as **Exhibit "F."**

FILED DATE: 3/25/2024 12:11 PM 2022CH00675
FILED DATE: 10/6/2022 3:27 PM 2022CH00675

52. As a beneficiary of the Trust, Raymond is entitled to an accounting of the Trust from when Illana and Ely began serving as trustees to the present date or the date of its termination.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order which provides the following relief:

1. To order Illana and Ely to file with this Court, by a date certain, a detailed accounting of their actions as trustees of the Trust, including an account of all assets and receipts which came into their possession as trustees as well as all disbursements made therefrom through the current date, and to account for all assets that they managed, transferred, spent, re-titled or otherwise handled as trustees.

2. To direct Defendants to turn-over to Plaintiff all bank records, deposit vouchers, cancelled checks, and other records in support of their Account.

3. For such other and further relief as this Court deems just and equitable.

Respectfully Submitted,
Plaintiff, RAYMOND E. BUTLER II,

By: _____
One of His Attorneys

Steven M. Novak
ESTATE AND PROBATE LEGAL GROUP, LTD.
Attorney for Plaintiff
915 Harger Road, Suite 301
Oak Brook, IL 60523
630-687-9100
Attorney No. 63139
steve@eplgroup.net

## VERIFICATION

The undersigned, being sworn on his oath and subject to the penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, herewith certifies that the statements set forth in the attached First Amended Complaint are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
RAYMOND E. BUTLER II

9

FILED DATE: 3/25/2024 12:11 PM 2022CH00675
FILED DATE: 10/6/2022 3:27 PM 2022CH00675

## JACK FINN IRREVOCABLE TRUST
## FORM OF DIRECTION TO DISBURSE

To: Trustee of Jack Finn Irrevocable Trust ("Trust")
Illana Eddy, Trustee
Ely Eddy, Trustee
Fax No: (732)-346-1825

You are hereby requested and directed to disburse to Raymond E. Butler the sum of Thirty Thousand Dollars ($30,000). The undersigned release and hold harmless Illana Finn Eddi. and Ely Eddi, individually and as Trustee for any claims of any kind in connection with this distribution. The undersigned represents that this distribution from the Trust is made at the request and with the consent of Jack Finn, Silver Butler-Finn, and Helen Butler-Finn to disburse the funds as follows:

By Wire Transfer to: Chase Bank- Account Name: Shoshana Finn and Jack Finn- funds being deposited in this account and then delivered to the undersigned beneficiary.

Account No: 822012498

Routing No: 07100013

This direction made September 21, 2009

_____
Raymond E. Butler

_____
Jack Finn

_____
Silver Butler-Finn

_____
Helen Butler-Finn

_____
Pessa Finn

**Exhibit A**

FILED DATE: 3/25/2024 12:11 PM  2022CH00675
FILED DATE: 4/6/2022 3:20 PM  2022CH00675

# RELEASE

FOR IN CONSIDERATION of the sum of ($30,000.00) Dollars and other additional consideration, the receipt thereof is hereby acknowledge RAYMOND BUTLER his successors and assigns hereby forever releases and discharges the Jack Finn Irrevocable Trust, Illana Eddi individually and as Trustee, Ely Eddi individually and as Trustee, and Jack Finn for any and all claims, demands, suits, actions, chose in actions whether in law, equity or probate which it now has or shall ever have against the foregoing arising out of any claim or interest in the Jack Finn Irrevocable Trust or any claims that any funds are due or owing from Jack Finn, Illana Eddi, Ely Eddi or their successors or assigns.

The undersigned has had the opportunity to review this release and has executed this document after complete review and understanding.

_____
Raymond Butler

9-23-09

**Exhibit B**

Eric Rothner

| | |
|---|---|
| **From:** | Jeff Finn <jeffrey.a.finn@gmail.com> |
| **Sent:** | Monday, July 24, 2017 5:14 PM |
| **To:** | erothner@huntermgt.com |
| **Subject:** | Yankie Finn Financial and Health Picture |
| **Attachments:** | J Finn Matters - Start Here.pdf; J Finn Wills Trust Picture (Partial).pdf |

Ricky: Here's a snapshot of what I was able to learn. I have some documents and spreadsheets to back up some of this, but in the end got too complicated and time-consuming for me to get to the bottom of his story. Happy to send those docs to you at my uncle's direction. Ilana has some more documents I think, but with best intentions she is understandably pre-occupied with her 3 autistic children and often unable to focus on these financial issues related to her father.

Colman Ginsparg has been difficult in terms of responsiveness.

Thank you for getting him settled in what sounds like a great solution.

Regards, Yosi Finn

Jeffrey A. Finn
Finn IP Law, PC
11400 W. Olympic Blvd., 9th Fl.
Los Angeles, CA 90064
p: (310) 310-7989
e: jeff@finniplaw.com

Best Lawyers

**Exhibit C**

# Find Trusts and Estates - 7/24/17 - Mindel

- **Find Trusts and Estates**
  - **Jack's Will?**
    - We don't have it. Susan/Jack's tentative will is with Cornell Gregory
      - Is it overall?
      - Have there been changes or amendments to the will?
  - **Revocable Trust**
    - We have a copy of a Jack Fein Revocable Trust Dated Sept. 25, 2007
      - Have a snapshot summary of it?
      - NICOLA find it has as Lin Reserves (3XXX coverage back)
      - Seek and Press information for each trust: Jack and Press items on trust itself
      - 8/10 Shoshana Fein "Release" fact the Trust, in exchange for $40k payment to Ellis signature blurred (ok)
  - **Irrevocable Trust (2 of 3, Lillie final and a Process)**
    - What are they? We don't know where each Shelby. We have list and pieces
    - On 1/20/16, Uncle Yankel called Ed Eddie to find a new Trust lawyer to clean up the Trust
      - Ilana went to Ilya Nunakon for the latest copy of the Trust, but it was a mess.
      - Over, Ilana and Ed have cell copies of bits and pieces of documents. Said none of the beneficiaries were changed, but corrected it and...
      - 10/1/15 Colman joined as Dr Gourmet Kelly, Okon, Mirror, Denteert and Ritcher, LLC
      - The Jack's Attorney at that time, Except Yankei, Gendel, asked Attorney 11/2ch to remove Shoshana
      - Solar remains a Trustee/head of Trust or file to trust in a Fetcher
      - Denis, nothing to overcome was changed
      - Ed paid Over from a job for the trust
    - Ilana believes Colman Gregoran wrote one Irrevocable Trust (We don't know if he was the original or not) (847) 679-5793 (mobile), office (312) 828-9355
      - Prior Efforts to Get Docs from Colman:
        - 9/21/17: (Yuval Fine) called Colman with Jacob Fine. Colman agreed to send us whatever we ask for.
          - 3/21/17: (Yuval Fine) called Colman with Jacob Fine. Colman agreed to send us whatever we ask for.
          - 9/31 3:30pm: Email follow up asking for Jacob's share the
          - 1/10/15 Letter from Fine to Colman, drafted by Robert Kleiman, Esq. Drafted Beech PL plain @cstoudit.net
          - Ilana made numerous efforts but says Colman failed to send the docs
          - Follow Ups with No Response
            - 4/25 follow up to KOHON firm
            - email 3, 4/4
            - email 2, 4/4
            - phone call, email 1, 4/21
  - **Task: Get all the docs in one place and put a dead picture/snapshot of the assets (NEVER ACCOMPLISHED)**

# THE COVERT LAW FIRM, PLLC
1129 N Washington Avenue, Lansing MI 48906
Tel: (517) 512-8364      Fax: (313) 989-0228      email: james@covertlawfirm.com

June 7, 2021

### *BY HAND DELIVERY – PERSONAL SERVICE*

Ms. Ilana Eddi (aka Ilana Eddy, aka Illana Finn Eddi)
17570 Middlebrook Way
Boca Raton FL
33496

**Re:  The Jack Finn Irrevocable Trust**

Dear Ms. Eddi:

Please be advised that this law firm has been retained by Raymond E. Butler II.

I write to you regarding my client's interest in **The Jack Finn Irrevocable Trust**, (the "Trust"). Please provide the following information to my office.

1. **Demand for Trust Accounting.**

By this letter, I am demanding that you provide me with a formal Trust accounting from the date you became Trustee to the current date.

2. **Demand for documents pertaining to the Trust.**

In addition to the accounting requested above, please provide all documents demanded below:

- All Trust documents, and any subsequent amendments thereto;
- Copies of all financial statements(s) and/or banking statement(s) pertaining to the Trust from the date you became Trustee to the current date;
- Your plan for making Trust distributions;
- Copies of all listing agreements, appraisals, and/or offers made on any and all Trust real property;
- Copies of all documents evidencing or pertaining to disbursements made to you for trustee's fees;
- Copies of all ledgers, or any other type of documentation, evidencing or pertaining to what services you have provided to the Trust since becoming Trustee; and
- A complete copy of all Trust tax returns, any closing letter, and any income tax returns.

1

**Exhibit D**

FILED DATE: 3/25/2024 12:11 PM   2022CH00675
FILED DATE: 10/6/2022 3:27 PM    2022CH00675

### 3. Trustee Duties.

As you may be aware, under applicable law you have substantial duties as Trustee of the Trust, which include but are not limited to the following:

- Duty to administer the Trust according to the Trust instrument;
- Duty to report information about the Trust on request and to account to beneficiaries;
- Duty to provide information, and if not, be compelled to do so by the court. A beneficiary of the Trust may petition the Court to compel the Trustee to provide such information; and
- Duty to deal impartially with beneficiaries.

### 4. Conclusion

No later than 3 (three) days following receipt of this letter, please provide the above requested documents and records for my client's review to this writer by either (1) facsimile to 3139890228, or (2) email to: james@covertlawfirm.com.

If I do not hear from you by that date, then I will assume you are refusing to comply with this request and take appropriate next steps.

Thank you in advance for your prompt attention and action.

Sincerely,

*[signature]*

James R. McGillie
Attorney/Partner

THE COVERT LAW FIRM, PLLC
1129 N Washington Avenue, Lansing MI 48906
Tel: (517) 512-8364   Fax: (313) 989-0228   email: james@covertlawfirm.com

June 7, 2021

**_BY HAND DELIVERY – PERSONAL SERVICE_**

Mr. Ely Eddi (aka Ely Eddy)
3 Clark Court
Oakhurst NJ
07755

**Re: The Jack Finn Irrevocable Trust**

Dear Mr. Eddi:

Please be advised that this law firm has been retained by Raymond E. Butler II.

I write to you regarding my client's interest in the **Jack Finn Irrevocable Trust**, (the "Trust"). Please provide the following information to my office.

**1. Demand for Trust Accounting.**

By this letter, I am demanding that you provide me with a formal Trust accounting, from the date you became Trustee to the current date.

**2. Demand for documents pertaining to the Trust.**

In addition to the accounting requested above, please provide all documents demanded below:

- All Trust documents pertaining to Jack Finn, and any subsequent amendments thereto;
- Copies of all financial statements(s) and/or banking statement(s) pertaining to the Trust from the date you became Trustee to the current date;
- Your plan for making Trust distributions;
- Copies of all listing agreements, appraisals, and/or offers made on any and all Trust real property;
- Copies of all documents evidencing or pertaining to disbursements made to you for trustee's fees;
- Copies of all ledgers, or any other type of documentation, evidencing or pertaining to what services you have provided to the Trust since becoming Trustee; and
- A complete copy of all Trust tax returns, any closing letter, and any income tax returns.

**Exhibit E**

FILED DATE: 3/25/2024 12:11 PM   2022CH00675
FILED DATE: 10/6/2022 3:27 PM   2022CH00675

### 3. Trustee Duties.

As you may be aware, under applicable law you have substantial duties as Trustee of the Trust, which include but are not limited to the following:

- Duty to administer the Trust according to the Trust instrument;
- Duty to report information about the Trust on request and to account to beneficiaries;
- Duty to provide information, and if not, be compelled to do so by the court. A beneficiary of the Trust may petition the Court to compel the Trustee to provide such information; and
- Duty to deal impartially with beneficiaries.

### 4. Conclusion

No later than 3 (three) days following receipt of this letter, please provide the above requested documents and records for my client's review to this writer by either (1) facsimile to 3139890228, or (2) email to: james@covertlawfirm.com.

If I do not hear from you by that date, then I will assume you are refusing to comply with this request and take appropriate next steps.

Thank you in advance for your prompt attention and action.

Sincerely,

*[signature]*
James R. McGillie
Attorney/Partner

FILED DATE: 3/25/2024 12:11 PM 2022CH00675
FILED DATE: 10/6/2022 3:27 PM 2022CH00675

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| RAYMOND E. BUTLER II )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ILLANA EDDI and ELY EDDI, individually )<br>and as Trustees of the Jack Finn Irrevocable )<br>Trust. )<br>)<br>Defendants. ) | Case No. 22 CH 675 |

## AFFIDAVIT OF RAYMOND BUTLER PURSUANT TO 735 ILCS 5/2-606

Now comes the Plaintiff and Affiant, RAYMOND E. BUTLER, being first duly sworn upon his oath, does hereby state and depose as follows:

1. My name is Raymond E. Butler II and I am of legal age, residing in the State of Michigan.

2. I am the Plaintiff in the above captioned matter.

3. I have never been tendered a copy of the Jack Finn Irrevocable Trust ("Trust").

4. On June 9, 2021, I had a demand letter served on Defendant Illana Eddi ("Illana") requesting a copy of the Trust.

5. On June 10, 2021, I had a demand letter served on Defendant Ely Edi ("Ely") requesting a copy of the Trust.

6. Neither Illana nor Ely have responded to my request for a copy of the Trust.

7. Based on the foregoing refusal to tender a copy of the Trust, a copy of the Trust document is unavailable to me and I am unable to attach a copy of the Trust to my First Amended Complaint.

**Exhibit F**

Further affiant sayeth naught.

_____
RAYMOND E. BUTLER II

**SUBSCRIBED AND SWORN**
to before me this 4th day
of October, 2022.

PHILIP A MAY
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
April 26, 2026

_____
Notary Public

Steven M. Novak
ESTATE AND PROBATE LEGAL GROUP, LTD.
Attorney for Plaintiff
915 Harger Road, Suite 301
Oak Brook, IL 60523
630-687-9100
Attorney No. 63139
steve@eplgroup.net

2